UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
MATTHEW RUDAVSKY,                    :
                                     :
          Plaintiff,                 :
                                     :
          v.                         :    Case No. 2:18-cv-25
                                     :
CITY OF SOUTH BURLINGTON;            :
CHRISTOPHER BATAILLE;                :
                                     :
          Defendants.                :
```

**OPINION AND ORDER**

(ECF Nos. 140, 141, 154)

Plaintiff Matthew Rudavsky ("Rudavsky" or "Plaintiff") brings this action claiming that he was assaulted by a police officer ("Bataille") while in the custody of the South Burlington Police Department. On May 11, 2021, this Court issued an opinion and order granting in part and denying in part various motions for summary judgment. ECF No. 139. Rudavsky then moved for partial reconsideration of this order, arguing that the Court should not have granted summary judgment on Count X, a claim of vicarious liability against the City of South Burlington ("City" or "South Burlington"). ECF No. 140. Rudavsky argued that the Court ignored controlling law by failing to cite or discuss *Zullo v. State*, 2019 VT 1, 209 Vt. 298, 205 A.3d 466 [hereinafter "Zullo"]. Three days later, Rudavsky filed a motion to amend his complaint, proposing to add on "Count XI", which

would clarify liability for the City of South Burlington and Bataille for violations of Article 11 of the Vermont Constitution. ECF No. 141. After subsequent briefings, South Burlington has also filed a motion asking for leave to file a sur-reply to the two motions filed by Rudavsky. ECF No. 154.

For the reasons set forth below, the Court **denies** all three motions.

## I.   Motion to Reconsider

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

The Court finds that *Zullo* is not controlling law that this Court overlooked, because Rudavsky inadequately pled the Article 11 claim he now attempts to assert against the City. The fact that Rudavsky brought up the possibility of a direct claim

against South Burlington under Article 11 of the Vermont
Constitution for the *first time* at oral arguments on April 26,
2021, and even then did so in only a few sentences before moving
on to the arguments about *Zullo* discussed in the briefs
(subjective intent) is a huge issue. In fact, Rudavsky barely
addressed municipal immunity for Count X in his briefing. For
Plaintiff to now say that no defendant argued that his complaint
failed to give adequate notice of the Article 11 claims against
it is disingenuous, when even Rudavsky admits that he did not
originally plead a claim against the City for Vermont
constitutional violations because such a claim did not exist at
the time of his complaint. The municipal defendants argued at
summary judgment that they did not know what claims the City was
supposedly vicariously liable for, but that it was entitled to
municipal immunity. Rudavsky chose to respond to that argument
by citing *Doe v. Forrest*, 176 Vt. 476, 853 A.2d 48, 2004 VT 37
(2004). Rudavsky did not brief *Zullo* in the context of vicarious
liability / Count X. The Court did not address a vicarious
liability claim of a Vermont constitutional violation under
Count X because neither the issue, nor the claim, was clearly
raised in the briefs.[1] Presumably this is why Rudavsky has moved
for leave to amend his complaint.

---

[1] Rudavsky did raise *Zullo* in the context of arguing that a claim
under the Vermont Constitution against Bataille for excessive

Now, at this late stage, Plaintiff is trying to make two arguments: (1) that *Zullo* is controlling law that this Court overlooked, and (2) that he filed a claim of vicarious liability for a Vermont constitutional violation under Article 11, such that *Zullo* applies to his claims. The Court held in its order granting summary judgment on Count X that Rudavsky had failed to fully address or support his claims, and thus had forfeited them. Even if the Court were to reconsider its order with regard to the municipal immunity issue, Count X still would not plead a *Zullo* Article 11 vicarious liability claim. The Court would also have to grant the motion to amend the complaint.

## II.  Motion to Amend.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has discretion to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Rule 16(b) provides that scheduling orders "must limit the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once entered, a scheduling order may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). "Where a scheduling order has been entered,

---

force would be more expansive, and the Court denied summary judgment on this claim.

the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2000) (quoting Fed. R. Civ. P, 15 and 16). "A finding of good cause depends on the diligence of the moving party." *Id.*

The Modified Discovery Schedule / Order in this case states in relevant part that "[a]ll motions, including summary judgment motions, but excluding motions relating to the conduct of the trial, shall be filed on or before October 15, 2020." ECF No. 96 at 1. As Defendants point out, "[i]f Plaintiff had properly pleaded the Article 11 claim or even advanced the issue in his prior motion practice, then the Defendants would have had the opportunity to brief appropriately the availability of an Article 11 claim in the excessive force context and this Court would have had the benefit of properly focused argument and briefing before the dispositive motions deadline passed and discovery was completed." ECF No. 148 at 13. Although Plaintiff claims that new discovery would not be necessary for the proposed Count XI, the Court finds that the late request for amendment shows a lack of due diligence on the part of Rudavsky. As stated above, the *Zullo* opinion was handed down in January 2019, and the dispositive motions deadline was not until October

15, 2020. Plaintiff moved to amend on June 6, 2021. ECF No. 141. This motion was untimely. *See Werking v. Andrews*, 526 Fed. Appx. 94, 96 (2d Cir. 2013) (summary order) ("There is no dispute that Werking's motion to amend was untimely. He filed it approximately eight months after the deadline set by the district court (and over a year after he filed his original complaint). Therefore, he is required to show good cause for his failure to propose the amendment earlier in the proceedings."). The timing of the *Zullo* opinion thus does not demonstrate good cause. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) ("To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met.").

Plaintiff argues that under Vermont notice pleading, Defendants were aware of the Article 11 claim and that his current motion to amend is merely a motion to clarify the complaint. The Court is not persuaded, especially given the fact that the complaint, the motion for summary judgment briefings, and a full hearing on those briefings were all before the Court when it ruled on Defendants' summary judgment motions, and even the Court itself did not understand Plaintiff to be making a vicarious liability claim for violating Article 11 under *Zullo* against the municipality.

**III. Motion for Leave to File a Sur-Reply.**

South Burlington has filed a motion asking the Court for leave to file a sur-reply to address two new arguments: (1) Plaintiff's novel abandonment argument and ethics argument, and (2) Plaintiff's affidavit submitted pursuant to Local Rule 7(a)(7). The Court does not find Plaintiff's abandonment argument persuasive, nor does the Court need further clarification on the affidavit submitted by Plaintiff, which has since been corrected. The Court therefore **denies** the motion to address these issues in a sur-reply.

**IV.  Conclusion**

For the reasons set forth above, the Court **denies** Plaintiff's Motion for Partial Reconsideration (ECF No. 140), Plaintiff's Motion to Amend Complaint (ECF No. 141) and the City's Motion for Leave to File a Sur-Reply (ECF No. 154).


DATED at Burlington, in the District of Vermont, this 31st day of August, 2021.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
